# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**RICHARD A. C. HENRY,** *pro se* **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 1:18-cv-00080-LG-RHW**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS,**
**STATE OF MISSISSIPPI, PELICIA HALL,**
**RICKY MCCARTY, SHARON PEPPER, other**
**UNKNOWN employees of the MISSISSIPPI**
**DEPARTMENT OF CORRECTIONS** **DEFENDANTS**

## ANSWER AND DEFENSES

Defendants Mississippi Department of Corrections ("MDOC"), State of Mississippi, Pelicia Hall, Ricky McCarty and Sharon Pepper, by and through counsel, submit their Answer and Defenses to the Plaintiff's Amended Complaint, and would show unto the Court as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

The doctrines of accord and satisfaction and payment and release bar Plaintiff's claims.

### THIRD DEFENSE

Defendants reserve the right to seek leave to amend their Answer and Defenses to add additional defenses that may be warranted by the facts as they become known.

## FOURTH DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), Defendants deny all allegations asserted by Plaintiff against them, as set forth in the Amended Complaint, except to the extent specifically admitted herein, and demand strict proof thereof.

## FIFTH DEFENSE

Defendants assert, to the extent applicable, all affirmative defenses listed in Fed. R. Civ. P. (8)(c)(1), which includes the following: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

## SIXTH DEFENSE

Defendants specifically deny that they have willfully violated any law in any manner or respect whatsoever and deny that they are liable unto Plaintiff as alleged in the Amended Complaint in any amount or sum whatsoever.

## SEVENTH DEFENSE

The individual defendants are entitled to and hereby affirmatively plead their federal law qualified immunity to suit and liability in this cause, including relief from discovery procedures.

## EIGHTH DEFENSE

The individual defendants are entitled to and hereby affirmatively plead their state law qualified immunity defenses to suit and liability in this cause, including relief from discovery

procedures.

## NINTH DEFENSE

The Defendants are entitled to and hereby affirmatively plead their sovereign immunity defenses to suit and liability in this cause pursuant to and inclusive of the provisions of § 11-46-1, et seq., Miss. Code of 1972, as annotated and amended.

## TENTH DEFENSE

The Defendants assert, to the extent applicable, the defenses set forth in F.R.C.P. 12(b)(1-7).

## ELEVENTH DEFENSE

The Defendants invoke the procedural and substantive aspects of §11-1-65 of the Mississippi Code.

## TWELFTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution due to the fact that the Mississippi standards for determining the amount of the award are unduly vague and subjective and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

## THIRTEENTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including

a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## FOURTEENTH DEFENSE

The imposition of punitive damages in this case based upon a theory of *respondeat superior* without proof that an officer, director or managing agent of the Mississippi Department of Corrections acted with the requisite state of mind would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## FIFTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clause of the Mississippi Constitution.

## SIXTEENTH DEFENSE

Defendants assert, to the extent applicable, the defenses set forth in F.R.C.P. 8(c)(1).

## SEVENTEENTH DEFENSE

Plaintiff cannot maintain a private right of action directly under either the Fourth or the Fourteenth Amendment to the United States Constitution.

## EIGHTEENTH DEFENSE

The State of Mississippi is entitled to sovereign immunity under state law and under the Eleventh Amendment to the United States Constitution and must be dismissed.

**NINETEENTH DEFENSE**

The Mississippi Department of Corrections is an "arm of the state" and is entitled to sovereign immunity under state law and under the Eleventh Amendment to the United States Constitution and must be dismissed.

**ANSWER**

Without waiving the aforementioned defenses, Defendants answer and respond to the allegations of the Plaintiffs' Amended Complaint as follows:

GENERAL STATEMENTS

1. Admitted upon information and belief.

2. It is admitted that Defendant Hall has been serving as Commissioner of the Mississippi Department of Corrections since being appointed by Governor Phil Bryant to that position on March 6, 2017. Any allegations set forth in Paragraph 2 of the Amended Complaint which are not specifically admitted herein are denied.

3. It is admitted that Rick McCarty is the Deputy Commissioner of Administration and Finance for the Mississippi Department of Corrections, and that McCarty is subordinate to Hall. Any allegations set forth in Paragraph 3 of the Amended Complaint which are not specifically admitted herein are denied.

4. It is admitted that Sharon Pepper is the Director of Human Resources at the Mississippi Department of Corrections and is subordinate to McCarty Any allegations set forth in Paragraph 4 of the Amended Complaint which are not specifically admitted herein are denied.

5. Paragraph 5 of the Amended Complaint addresses "John Doe" defendants and does not raise any specific allegations against the answering defendants. To the extent that a response is required, any allegations set forth in Paragraph 5 are denied.

6. Admitted.

7. It is admitted that the State of Mississippi is a State in the United States of America and subject to the laws of the United States of America. Any allegations set forth in Paragraph 7 of the Amended Complaint which are not specifically admitted herein are denied.

8. It is admitted that employers are bound to comply with the Fair Labor Standards Act of 1938. Any allegations set forth in Paragraph 8 of the Amended Complaint which are not specifically admitted herein are denied.

9. Admitted.

10. It is admitted that MDOC and its agents developed a plan to reclaim overcompensation to individuals who had received such. It is further admitted that MDOC has the right to audit and review its record keeping. Any allegations set forth in Paragraph 10 of the Amended Complaint which are not specifically admitted herein are denied.

11. Admitted.

12. Admitted.

13. It is admitted that Plaintiff accurately restates 29 U.S.C. § 255 in Paragraph 13 of his Amended Complaint. Any allegations set forth in Paragraph 13 of the Amended

Complaint which are not specifically admitted herein are denied.

14. Admitted.

15. Admitted.

16. It is admitted upon information and belief that Pepper responded to Plaintiff's demand on or about July 24, 2017. Any allegations set forth in Paragraph 16 of the Amended Complaint which are not specifically admitted herein are denied.

17. Admitted upon information and belief.

18. Admitted upon information and belief.

19. It is admitted that no action has been taken by the Defendants to amend or alter the reclamation of unearned compensation. Any allegations set forth in Paragraph 19 of the Amended Complaint which are not specifically admitted herein are denied.

## PLAINTIFF'S CLAIMS FOR RELIEF

20. The allegations set forth in approximately 415 remaining paragraphs of Plaintiff's 97 page Amended Complaint, including his 37 separate, but often repetitive, claims for relief are denied. It is denied that Plaintiff is entitled to any relief whatsoever from the Defendants.

**NOW**, having answered the allegations of Plaintiff's Amended Complaint, and having set forth their defenses thereto, Defendants deny that Plaintiff is entitled to any relief against them in any form or amount whatsoever, and hereby move the Court for entry of an order and final judgment dismissing this cause of action with prejudice, with all costs assessed to the Plaintiff. Finally, Defendants move for general and such other

relief as the Court deems appropriate herein.

RESPECTFULLY SUBMITTED, this the 15th day of March, 2018.

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, STATE OF MISSISSIPPI, PELICIA HALL, RICKY MCCARTY and SHARON PEPPER, DEFENDANTS**

**JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**

BY: */s/ Benny M. May*
    BENNY M. MAY (MSB #100108)

Office of the Attorney General
Civil Litigation Division
Post Office Box 220
Jackson, Mississippi 39205
Email: bemay@ago.state.ms.us
Telephone: (601) 359-3680
Facsimile: (601) 359-2003

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system, which will automatically send notice to all counsel of record. I further certify that I have this day caused to be mailed, via U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing document, together with the exhibits referenced therein, to the following interested party:

Richard A. C. Henry, *pro se*
206 Clarence Bonnett Road
Lucedale, Mississippi 39452

This, the 15th day of March, 2018.

                                              */s/ Benny M. May*